UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

KEN WILLIAMS                                    CIVIL ACTION NO. 3:12-cv-1257
    LA. DOC#427527

VERSUS                                          JUDGE ROBERT G. JAMES

MARK SHUMATE, ET AL.                            MAG. JUDGE KAREN L. HAYES

<u>RULING</u>

      Pending before the Court is a civil rights Complaint filed by *pro se* Plaintiff Ken Williams

("Williams").  Williams, a prisoner in the custody of the Louisiana Department of Corrections,

complains about his conditions of confinement at West Carroll Detention Center ("WCDC"), East

Carroll Detention Center ("ECDC")[1], and Riverbend Detention Center.

      On June 25, 2012, Magistrate Judge Karen L. Hayes issued a  Report and Recommendation

[Doc. No. 5] recommending that the Court dismiss Williams' claims as frivolous and for failing to

state a claim upon which relief can be granted.  Williams filed a document entitled, "Objection to

the Magistrates' Report and Recommendation and Request for a Hearing" ("Objections") [Doc. No.

6] disputing Magistrate Judge Hayes' analysis and conclusions, contending that she failed to address

two of his claims, and arguing that his Complaint should be answered by Defendants and a hearing

should be held.

      After an independent review of the record, including Williams' Objections to the Report and

Recommendation, the Court finds that Magistrate Judge Hayes has correctly stated and applied the

law, and, thus, the Court ADOPTS her Report and Recommendation.  The Court issues this ruling

solely for the purpose of addressing Williams' request for a hearing and his Objections that the

---

[1]ECDC has since been closed.

Report and Recommendation did not contain analysis on his claims that (1) the "administration" was "the cause of Williams [sic] fight and injury," and (2) he was "forced to submit to a tuberculosis test and injected with a drug which caused a sickness." [Doc. No. 6, ¶ 5].

The Court will address each of Williams' two claims in turn.  In his Complaint, Williams alleges that he filed grievances at WCDC on August 22, September 11, September 21, October 21, and November 10, 2011, regarding the conditions of confinement, including "that the administration was the cause of Williams [sic] fight and injury." [Doc. No. 1, ¶ 20, p. 11].  Williams does not explain who in the "administration" was the cause of his alleged fight or injury, any facts about the fight, or any facts about his injury.  Later in the Complaint, he alleges that he was "locked-up in the cellblock for a fight, at WCDC, without a write-up, and stayed in the block for over two weeks without ever appearing before a disciplinary board or being written up." [Doc. No. 1, ¶ 23, p. 12]. He contends that Defendant Steven Hayes, a captain at WCDC, is "responsible."

The Court notes that the Report and Recommendation, which has been adopted, specifically addressed Williams' claim that he was locked in the cellblock at WCDC for fighting.  However, to the extent that Williams attempts to raise a separate claim that some unidentified administrator at WCDC was the cause of some alleged fight and some unidentified injury to Williams, the Court finds that Williams has failed to state a claim as a matter of law.  The United States Supreme Court has held "that a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).  To establish a failure-to-protect claim, a prisoner must show that he was "incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th

2

Cir. 1995).  In this case, Williams has not stated any facts whatsoever to suggest that any Defendant knew of a substantial risk that another inmate intended to cause him serious harm.  Further, he has not stated any facts to suggest that he suffered any serious harm.  Accordingly, this claim, too, is DISMISSED WITH PREJUDICE.

With regard to the second claim, Williams alleges that, on September 7, 2011, he "was forced to submit to signing a tuberculosis medication form, and forced to submit to a needle injection that caused a sickness similar to the sickness caused by the kitchen food; by Nurse Jane Doe." [Doc. No. 1, ¶ 24, p. 13].  Contrary to Williams' Objections, Magistrate Judge Hayes did address this claim in the section of the Report and Recommendation entitled, "**5. *Tainted Food and Medication*.**"  She recommended that this Court dismiss his claims as fanciful and delusional, and this Court has agreed by adopting the Report and Recommendation.  Taking his allegations on their face, Williams admits that he signed a form agreeing to take some type of medication which caused him to suffer some illness.  Such allegations simply do not state a claim and must also be dismissed.

Given the Court's adoption of the Report and Recommendation and its consideration of Williams' Objections, a hearing is not necessary in this matter.  To the extent that Williams requests a hearing in his Objections [Doc. No. 6], the request is DENIED.

**MONROE, LOUISIANA,** this 12th day of July, 2012.


ROBERT G. JAMES
**UNITED STATES DISTRICT JUDGE**